No.  4:20-CV-00758

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# (HOUSTON DIVISION)

SHERMAN BROOKS
Plaintiff,

v.

CITY OF HOUSTON, TX; and FORMER HPD OFFICER GERALD GOINES
Defendants.

United States Courts
Southern District of Texas
F I L E D

SEP 0 4 2020

David J. Bradley, Clerk of Court

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

ROBERT R. JONES III
State Bar No. 24092597
COUNSEL FOR THE
PLAINTIFF

## IDENTITY OF PARTIES AND COUNSEL

| Plaintiff: | Counsel: |
|---|---|
| Sherman Brooks | ROBERT R. JONES III<br>State Bar No. 24092597<br><br>2411 Emancipation Ave, Ste 202<br>Houston, TX 77004<br>Tel 832-896-1010<br>Fax  281-404-9021<br>Email robertjoneslaw@gmail.com |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff SHERMAN BROOKS complaining of the CITY OF HOUSTON and GERALD GOINES and for cause of action would show the following:

## A. INTRODUCTION

1. This case is about a Houston police officer who raided the wrong apartment. The officer busted into his home, invading his privacy and wrongfully arrested Mr. Brooks who was unarmed and just going about his day.   Mr Brooks spent from the entire day in jail from 9 am until nearly 12 midnight. This case is also about the City of Houston's policies that led to Mr. Brooks' wrongful arrest.

2. This action is brought for violations of the United States Constitution and Texas law. The Defendants violated Mr. Brooks rights under the Fourth Amendment of the United States Constitution by using excessive force when attempting to arrest Mr. Brooks.

3. And so Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiff of his constitutionally guaranteed and federally protected right to be free from unreasonable seizure and unreasonable and excessive force. U.S. CONST. amends. IV, XIV.

4. He also brings this suit for personal injuries and emotional distress actionable under Texas law for harm suffered by Plaintiff as a result of this

3

WRONGFUL AND FALSE IMPRISONMENT, personal injury. The statute convicting and enhancing his punishment was declared UNCONSTITUTIONAL.

5. Plaintiff brings this action and seeks to recover damages under TEX. CIV. PRAC. & REM. CODE § 71.021 and as applied through 42 U.S.C. §§ 1983, 1988.

4. As a direct result of the policies, practices, customs, and procedure of the HOUSTON POLICE DEPARTMENT ("HPD"), Mr. Brooks was deprived of his constitutional rights to be free from unreasonable searches and seizures and excessive force. These rights are guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

6. Defendant GERALD GOINES, a City of Houston police officer acting in the course and scope of his employment with the City, and acting under color of state law, unjustifiably arrested Mr. Brooks under circumstances where no reasonable police officer would have done so. Under long-established law on excessive force, a reasonable officer would have fair notice that Mr Brooks had a clearly established right to be free from the type of excessive force that was used against him. And so neither GERALD GOINES nor THE CITY OF HOUSTON is not entitled to qualified immunity for these actions.

## B. CONTINUING TORTS DOCTRINE

7. Plaintiff's Complaint is being made in good faith. The facts of this case cannot be easily disputed. Indeed, Plaintiff has been afraid to file this suit for fear of retribution. It was only until Officer Goines was arrested has Mr Brooks been comfortable enough to file this suit regarding events occurring in May 2014 at his home.

**The Statute of Limitations is Tolled in this Case.**

8. While, under the basic accrual theory, a cause of action accrues when a wrongful act causes some legal injury, an exception to this general rule exists for **continuing torts**. *First General Realty Corp. v. Maryland Casualty Co.*, 981 S.W.2d 495, 501 (Tex. App. Austin 1998, pet. denied); *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153, 154 (Tex. Civ. App. Dallas 1980, no writ). A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Insurance Co.*, 901 S.W.2d 495, 500 (Tex. App. Houston [14th Dist.] 1995, no writ); *Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex. App. San Antonio 1983, writ ref'd n.r.e.). Limitations begins to accrue when the defendant's tortious conduct ceases. *Tectonic Realty Investment Co. v. CNA Lloyd's of Texas Insurance Co.*, 812 S.W.2d 647, 654 (Tex. App. Dallas 1991, writ denied).

9. At first blush, the continuing tort doctrine may seem to conflict with the general rule of accrual that limitations is not tolled pending the manifestation of subsequent injuries. *See Childs v. Haussecker*, 974 S.W.2d 31, 33 (Tex. 1998); *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716 (Tex. App.  San Antonio 1998, pet. denied). However, the two principles are not in conflict. Accrual is not tolled for subsequent injuries because a wrongful act and some identifiable legal injury have already occurred. That additional legal injuries may subsequently occur does not vitiate that the initial legal injury, no matter how small, was sufficient to trigger the accrual of a cause of action and start the running of limitations.

10. In cases subject to the continuing tort doctrine, however, not only are subsequent injuries occurring, but **additional** wrongful acts triggering these subsequent legal injuries.  **Officer Goines was on the street and had obviously kept on conducting business as usual,** and thus providing separate causes of action, such as in this case adding claims that, for instance,  make quite possibly both **City of Houston and the Houston Police Department** and others responsible for an ongoing and continuing trend of NEGLIGENT SUPERVISION OF A POLICE OFFICER WHO WAS GOING OFF WITH LITTLE OR NO PROPER SUPERVISION IN CASE AFTER CASE  WITH AN ONGOING CAMPAIGN OF MALICIOUS PROSECUTION AND LIES AND TRUMPED

UP CHARGES ON DOZENS OF CITIZENS OF HOUSTON AND THIS EVENTUALLY LED TO THE DEATH OF AN INNOCENT YOUNG LADY. Defendants are therefore responsible for these continuing acts of common-law fraud, fraud in the inducement, fraud by nondisclosure, and civil conspiracy to commit common-law fraud against Plaintiff and others similarly situated. He was a victim in the fear of INTIMIDATION AND RETALATION AS LONG AS OFFICER GOINES WAS ON THE STREET. **FURTHERMORE, THE CITY OF HOUSTON AND HOUSTON POLICE FAILURE TO CONTROL OFFICER GOINES TOLLS PLAINTIFF STATUTE OF LIMITATIONS TO FILE THIS SUIT AGAINST THE PARTIES WHO WERE RESPONSIBLE FOR HIS ACTS IN RESPONDEAT SUPERIOR. AS LONG AS OFFICER GOINES WAS WEARING A BADGE, PLAINTIFF'S EMOTIONAL DISTRESS WAS EVER-PRESENT AND EVER-INCREASING BECAUSE HE NEVER KNEW WHEN POLICE MIGHT BURST INTO HIS HOUSE AGAIN.** ***However, Plaintiff would like to reserve the right to further amend following discovery to either add new claims and new defendants, if permitted and/or file a nonsuit against any parties for which the evidence shows they were not involved in order to more accurately seek a just result in this case.***

11. Emotional distress. Officer Goines's actions have clearly caused Mr Brooks much emotional distress, and due to the length of time Mr Brooks has had

7

to think about what happened to him and the brazen statements made during the wrongful arrest, the deleterious nature of these actions are undeniable.

12. Mr Brooks has been afraid to file a lawsuit while Officer Goines was still on the streets. Why did the police department allow one of their officers go keep running rough-shod without supervision until he actually killed someone due to his recklessness.

13. Equitable tolling and equitable estoppel do, in fact, both apply in this case. Plaintiff's fear of retribution is a valid reason why would not have been able to make a reasonable inquiry into what was going on with Officer Goines and filing this lawsuit any sooner than he did. The basic duty of an employer is that one who retains the services of another has a duty to investigate the background of that individual for fitness for the position, to remain knowledgeable of that fitness and is liable if another person is injured in some manner related to his employment because of a lack of fitness. The basis of responsibility under the doctrine of negligent hiring is the master's own negligence in hiring or retaining an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit. This is a duty owed by the master to his other servants as well as to the public. Thus, the tort of negligent hiring is an exception to the general rule that a person does not have a duty to protect another person from the conduct of a third person. The elements of a negligent hiring,

supervision, and retention claim may be generally stated as: 1) the duty to hire, supervise, and retain competent employees; 2) the employer breaches that duty; and 3) the employer's breach of that duty proximately caused the damages sued for. An employer is liable for negligent hiring, supervision, or retention when proof is presented that the employer hired an incompetent or unfit employee whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. Negligence in hiring requires that the employer's "failure to investigate, screen, or supervise its employees proximately caused the injuries the plaintiffs allege." To impose liability for negligent hiring, there must be evidence that the plaintiff's injuries were brought about by reason of the employment of the incompetent servant. If this connection was not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with its employee simply because of the employee status. Negligent hiring and negligent employment are akin to the doctrine of negligent entrustment of an automobile. The tort of negligent hiring is different from the doctrine of Respondeat Superior because it addresses the risk created by exposing the public to a potentially dangerous individual, while the doctrine of respondeat superior is based on the theory that the employee is the employer's agent. Respondeat Superior requires a finding that the employee was acting within the course and scope of his employment when the

9

tortious act occurred, while negligent hiring requires only some connection between the plaintiff's injury and the fact of employment . AS LONG AS OFFICER GOINES WAS EMPLOYED BY POLICE DEPARTMENT, PLAINTIFF WAS ALWAYS and CONTINUALLY EXPOSED THAT RISK.

## B. JURISDICTION AND VENUE

14. The Honorable Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because the matter arises under the Constitution, laws, or treaties of the United States; specifically this claim seeks rights and remedies provided by the UNITED STATES CONSTITUTION and 42 U.S.C. §§ 1983, 1988. See also 28 U.S.C. § 1331(a)(3). Supplemental jurisdiction over the pendant state-law claims is proper under 28 U.S.C. § 1367(a) because the state-law claims form a part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) and 1391(c) because all defendants reside in Texas and one or more defendants reside in this judicial district and, more specifically, this division of this judicial district. Further, as provided under 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## C. PARTIES

16. Plaintiff SHERMAN BROOKS is a resident of Texas. Plaintiff resides in Houston, Harris County, Texas. Plaintiff was a U.S. citizen and resident of the State of Texas when the events or omissions giving rise to this lawsuit occurred.

17. Defendant CITY OF HOUSTON ("City") is a municipal corporation operating according to the Constitution and the laws of Texas. It is located within the United States Southern District of Texas. The City of Houston may be served process by serving the City Secretary, 900 Bagby, Houston, Texas 77002.

18. Defendant GERALD GOINES ("Goines") is a resident of Texas. Defendant Goines may be served in person or at 1201 Franklin Street, Houston, Texas 77002, or wherever he may be found.

## D. FACTS

19. On or about May 2014, uniformed City of Houston Police Officer Gerald Goines broke into the apartment owned by Mr Brooks and his wife in Houston's Third Ward. They lived in Apartment #1. The officers were really looking for the next door neighbor of Sherman Brooks, one drug dealer named Roy Lee Williams, who lived in Apartment #2. Officer Goines actually declared directly in the presence of Mr Brooks that he [Goines] knew police had the wrong man but that "somebody was going to jail today since we came all the way out here." This was after police had ransacked the Brooks whole house. Brooks came to the front door

1

of his home and exited pursuant to Goines' instructions.  At no time during the incident — from the time of Goines' arrival to— did Mr Brooks have a weapon of any kind on or near his person or otherwise in his possession or within his reach. At no time during the incident — from the time of Goines' arrival — did Mr. Brooks threaten Officer Goines, either by words or conduct. Brooks continued to respond to Goines' instructions, approaching Rosemon with his hands raised and visible.   Officers had arrested the wrong man.

## E. CAUSES OF ACTION

### 1. PLAINTIFF'S CIVIL-RIGHTS CLAIMS

20. Plaintiff incorporates all preceding paragraphs by reference.

21. The Ku Klux Klan Act of 1871 and its revisions, partially codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

23. Plaintiff alleges that Defendants, jointly, severally, or both, deprived Plaintiff of his Fourth Amendment rights as incorporated and applied to the states

1

through the Fourteenth Amendment. Defendants also violated his Fourteenth Amendment Rights.

24. Defendants violated Plaintiffs rights in the following ways:

a. By using excessive force in the course of Officer Goines's attempt to seize, arrest Plaintiff. This excessive force was a violation of the Fourth Amendment and its standard of reasonableness. Officer Goines actions resulted directly from a use of force that was clearly excessive to the need, and was objectively unreasonable and the Defendants violated his Fourteenth Amendment Rights by using excessive force against him;

b. By failing to provide proper supervision to prevent such incidents of excessive force; and

c. By failing to provide proper training to prevent such incidents of excessive force.

d. By adopting polices that **could** have caused Plaintiff's death or caused even more serious injury than it did, all of this in violation of his Fourth Amendment rights. Brooks is a 63 year old man suffering from prior back and neck injuries. Officers actions also caused damage to the drapes in Plaintiff's residence due to the smoke canisters that had been shot through the windows.

(A) PLAINTIFF'S FIRST CLAIM: 42 U.S.C. § 1983 — PEACE OFFICER LIABILITY FOR FALSE IMPRISONMENT; MALICIOUS PROSECUTIION;

ASSAULT AND BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND MALICIOUS PROSECUTION.

1. Unreasonable, Unjustified, and Excessive Use of Force

24. Plaintiff incorporates all preceding paragraphs by reference.

25. Plaintiff brings a claim against Officer Goines, individually pursuant to 42 U.S.C. § 1983 and for punitive damages for unreasonable, unjustified, and excessive use of force.

26. Force is excessive, and thus violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See Graham v. Connor, 490 U.S. 386, 398 (1989).

27. At all times material to this action, Officer Goines was acting under color of state law.

28. He was an agent and employee of the City of Houston and clothed in the authority of state law. He was wearing his official Police Department Uniform and was acting in the course and scope of his employment at the time.

(B) PLAINTIFFS SECOND CLAIM: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY FOR FAILURE TO SUPERVISE/NEGLIGENT SUPERVISION; NEGLIGENCE AND GROSS NEGLIGENCE; AND ALL CLAIMS MADE AGAINST PEACE OFFICERS INVOLVED.

1

**1. The City of Houston has a Pattern and Practice of Making Mistakes in such Officer Raids**

29. Plaintiff incorporates all preceding paragraphs by reference. The City of Houston is liable under 42 U.S.C. § 1983 for failing to supervise and train its police officers, and for overlooking and disguising police misconduct. The City has a general offical policy, pattern, or practice of not disciplining its police officers for their conduct, thereby sanctioning such actions by its police officers. By consciously deciding not to discipline its police officers, the City has created a policy by implication of overlooking constitutional violations. The City's failure to supervise and train its police officers, and City's willful blindness to a long and wretched history of constitutional violations of its employees, amounts to deliberate indifference to the rights of the persons with whom the police come in contact, including citizens' right to be free from unreasonable search and seizure. THERE ARE PREVIOUS CASES INVOLVING OFFICER GOINES TEAM ON FILE WITH THE SOUTHERN DISTRICT OF TEXAS.

30. Municipalities may also be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even absent an officially adopted policy, the practice may be so well entrenched that it fairly represents an official municipal policy. See *Bd. of County Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). To

1

add insult to injury, City Jail officials denied Brooks was even in custody when his family members inquired about him.

31. Consequently, the City is liable for harm caused to others, such as Plaintiff, as a result of its policies, practices, customs and procedures.

32. Plaintiff incorporates all preceding paragraphs by reference.

33. In addition to the damages mentioned in the above paragraphs sustained as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiff has suffered and in reasonable probability will continue to suffer damages, as described in the following paragraphs. See TEX. CIV. PRAC. &REM. CODE § 71.001 et seq.

F. ATTORNEY'S FEES

34. The Civil Rights Attorney's Fee Award Act of 1976 entitles Plaintiff to recover his attorney's fees and costs. 42 U.S.C. § 1988. Plaintiff thereby requests that the Court and jury award his attorney's fees and expenses.

G. JURY DEMAND

35. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 38(b).

H. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have

1

judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court, exemplary damages against all individual defendants, pre-judgment interest, postjudgment interests, costs of court, attorney's fees and expenses, and all other and further relief to which Plaintiff is justly entitled, both at law and in equity.


Date: 9/4/2020                                    Respectfully submitted,

                                                 **/s/ Robert R. Jones III**

                                                 _____

                                                 ROBERT R. JONES III
                                                 State Bar No. 24092597
                                                 2411 Emancipation Ave, Ste 202
                                                 Houston, TX 77004
                                                 Tel: (832) 896-1010
                                                 Email: robertjoneslaw@gmail.com
                                                 COUNSEL FOR PLAINTIFF

1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 4, 2020, I emailed the foregoing to counsel of record in this case.

**Jennifer F. Callan**
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 3rd Floor
Houston, Texas 77002
Jennifer.Callan@houstontx.gov
(832) 393-6491 (main)
(832) 393-6286 (direct line)

**Attorney for Defendant  CITY OF HOUSTON ONLY**

/s/ Robert R. Jones III

**ROBERT R. JONES III**

1

STATE OF TEXAS
COUNTY OF HARRIS

### AFFIDAVIT OF EUNICE UPSHAW

I, EUNICE UPSHAW, am the sister of SHERMAN BROOKS, plaintiff in this case, do swear under the penalty of perjury the following facts:

1. "I was calling all the jails looking and worried about him and the jails said he was not there, but I knew he was because I seen them kicking the door down."

FURTHER AFFIANT SAYETH NOT.

_____
Eunice Upshaw

SWORN TO and SUBSCRIBED before me, a Notary Public in and for the State of Texas, on this the 2nd day of September , 2020

_____
Notary Public in and for
The State of Texas
My commission expires:



BRIANA JANAI GORDON
Notary Public, State of Texas
Comm. Expires 02-28-2024
Notary ID 132382241

Affidavit of Eunice Upshaw          Page 1 of 1

STATE OF TEXAS
COUNTY OF HARRIS

### AFFIDAVIT OF MICHELLE BROOKS

I, MICHELLE BROOKS, am the spouse of SHERMAN BROOKS, plaintiff in this case, do

swear under the penalty of perjury the following facts:

1. "I was worried sick because I didn't know where my husband was. Police didn't even leave a

search warrant or anything."

2. He was afraid to file suit earlier because he was afraid of what Officer Gerald Goines might

do to him.

FURTHER AFFIANT SAYETH NOT.

_Michelle Brooks_
Michelle Brooks

SWORN TO and SUBSCRIBED before me, a Notary Public in and for the State of
Texas, on this the 2nd day of September , 20 20 .

Notary Public in and for
The State of Texas
My commission expires:



BRIANA JANAI GORDON
Notary Public, State of Texas
Comm. Expires 02-28-2024
Notary ID 132382241

Affidavit of Michelle Brooks                    Page 1 of 1

STATE OF TEXAS
COUNTY OF HARRIS

## AFFIDAVIT OF SHERMAN BROOKS

As plaintiff in this case, I, SHERMAN BROOKS, as a law-abiding citizen in today's society, do swear under the penalty of perjury the following facts:

1. "On or about May 2014, I was in very high spirits and determined to make good for me and my family. I went as about that day as I normally did. Simply put, family and I didn't have much, but we lived well and without incident.

2. But things changed for the worse when I was **wrongfully arrested** one day and out of the blue, I was falsely accused of a crime I did not commit. Police were looking for my neighbor. They had raided the wrong apartment and they knew it but took me to jail anyway. **MY CIVIL RIGHTS WERE VIOLATED.** I was never read Miranda. They didn't let me use the phone to call my family. My wife was worried sick because she didn't know where I was. Police didn't even leave a search warrant or anything. Officer Gerald Goines was in charge. He said he knew I wasn't the right guy but "somebody had to go to jail today."

3. Officer Goines actions were a direct result of Houston Police Department and by extension the City of Houston's failure to properly train and supervise their employees. In the alternative, Officer Goines' fraud and fraud in the inducement by failure to follow up with me as to the status of my charges and leading my family to believe I was not in jail was part and parcel of a campaign to silence me and intimidate me from moving forward with this lawsuit. All the officers involved conspired to keep me in jail and in fear of retribution. It was only until Officer Goines was removed from duty and brought up on charges himself was I comfortable enough to contact a lawyer to help me file this lawsuit."

Affidavit of Sherman Brooks                    Page 1 of 2

FURTHER AFFIANT SAYETH NOT.

_Sherman C. Brooks_
Sherman Brooks

SWORN TO and SUBSCRIBED before me, a Notary Public in and for the State of Texas, on this the 2nd day of September, 2020.

_Notary signature_
Notary Public in and for
The State of Texas

My commission expires:



BRIANA JANAI GORDON
Notary Public, State of Texas
Comm. Expires 02-28-2024
Notary ID 132382241

Affidavit of Sherman Brooks                    Page 2 of 2