United States District Court
Southern District of Texas
**ENTERED**
July 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERMAN BROOKS, | § |
| Plaintiff, | § |
| VS. | §  CIVIL ACTION NO. 4:20-CV-758 |
| THE CITY OF HOUSTON, *et al*, | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Houston's Motion to Dismiss Plaintiff's Third Amended Complaint. (Dkt. 20). After careful consideration of the pleadings and the applicable case law, the Motion to Dismiss is **GRANTED**.

### I.     FACTUAL BACKGROUND

The plaintiff, Sherman Brooks, sued the City of Houston (the "City"), the Houston Police Department ("HPD"), and former HPD officer Gerald Goines alleging a violation of his civil rights stemming from his arrest in May 2014. (Dkt. 19 at pp. 3, 5). In his complaint, Brooks argues that Goines violated 42 U.S.C. § 1983 by depriving Brooks of his Fourth Amendment right to be free from unreasonable seizure and unreasonable and excessive force. (Dkt. 19 at p. 3). He also brings a claim under Texas law for false imprisonment, personal injuries, and emotional distress. (Dkt. 19 at pp. 3–4). Brooks' claims against the City and HPD are based on negligent hiring and supervision of Goines. (Dkt. 19 at pp. 8–10).

In his complaint, Brooks alleges that Goines "broke into the apartment owned by Mr. Brooks and his wife" when Goines was actually searching for the apartment of Brooks' neighbor, Roy Lee Williams. Brooks claims that Goines ransacked his house and arrested him even though the police officers knew they had the wrong man. (Dkt. 19 at p. 11). He also alleges that Goines used excessive force in effecting the arrest. (Dkt. 19 at p. 13).

The City filed this Rule 12(b)(6) motion to dismiss for failure to state a claim on the grounds that Brooks' claim is time barred because he filed the complaint more than two years after the date of the alleged violation of his rights. (Dkt. 20 at p. 7). Brooks argues that his claims are not time barred because the doctrines of excusable neglect and continuing torts apply, the statute of limitations was tolled by equitable estoppel, and the discovery rule applies. (Dkt. 27). The Court will address each argument in turn.

## II. LEGAL STANDARD

### a. Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the Rule 8 requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," does not require "detailed factual allegations, [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570

(2007). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011) (quoting *Iqbal*, 556 U.S. at 679).

In deciding whether to grant a motion to dismiss, a court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). However, A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See Iqbal*, 556 U.S. at 678.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time barred and the pleadings fail to set forth some basis for tolling the statute. *Jones v. Alcoa, Inc.* 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### b. Statute of Limitations for § 1983 Cases

"Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow from the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In Texas, the statute of limitations for personal injury suits and § 1983 claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003; *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

"Federal law, however, determines the date of accrual for the limitations period, which occurs when the plaintiff knows, or should have known, of the acts that form the basis of the claim." *Griffin v. New Orleans City*, 628 Fed. App'x 300, 301 (5th Cir. 2016). To trigger the running of the statute of limitations, a plaintiff need not know that he has a legal cause of action; rather, a plaintiff need only know the facts that would ultimately support a claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

### c. Continuing Tort Doctrine

"A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action." *Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017) (quoting *First Gen. Realty Corp. v.*

*Md. Cas. Co.*, 981 S.W.2d 495, 501 (Tex. App.—Austin 1998, pet. denied). "A continuing tort claim does not accrue until the tort has ceased." *Nottingham v. Richardson*, 499 Fed App'x 368, 375 n. 5 (5th Cir. 2012). "The continuing tort doctrine is rooted in a plaintiff's inability to know ongoing conduct is causing [his] injury; thus, the rationale for the doctrine no longer applies if the claimant has discovered [his] injury and its cause and the statute [of limitations] commences to run upon discovery." *Decker v. Routledge*, No. 3:19-cv-250, 2020 WL 291804 at *3 (S.D. Tex. Jan 21, 2020) (internal citation omitted). In determining whether the continuing tort doctrine applies, courts distinguish between "1) repeated injury proximately caused by repetitive wrongful or tortious acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not" *Id.* (quoting *Rogers v. Veigel Inter Vivos Tr. No. 2*, 162 S.W.3d 281, 290 (Tex.App.—Amarillo 2005, pet. denied).

  d. **Equitable Estoppel and Excusable Neglect**

Equitable tolling of a statute of limitations applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002). Requests for equitable tolling are most frequently granted when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "A 'garden variety claim of excusable neglect' does not support equitable tolling." *Rashidi v. American President Lines*, 96 F.3d 124, 127 (5th Cir. 1996) (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96 (1990).

  e. **Discovery Rule**

"Under the discovery rule, a claim begins to accrue when the plaintiff knows both of [his] injury and its cause." *Trinity Marine Products, Inc. v. U.S.*, 812 F.3d 481, 488 (5th Cir. 2016) (citation omitted).

### III. ANALYSIS

#### a. The statute of limitations has run.

Based on the facts pleaded in Brooks' complaint, Brooks' alleges that excessive force was used against him during his arrest in May 2014. After his arrest, Brooks was released the same day. (Dkt. 19 at para. 19). Brooks concedes that a case was not filed against him based on this arrest and does not allege that he was jailed after May 2014. (Dkt. 27 at p. 3). Clearly, Brooks was aware of any injuries resulting from the search of his apartment or the use of force against him during his arrest at the time of the incident in May 2014. *See Piotrowski*, 237 F.3d at 576.

The two-year statute of limitations applicable to Brooks' excessive force and wrongful arrest claims began to run in May 2014. *See Armstrong v. Serpas*, 670 Fed. Appx. 851, 852 (5th Cir. 2016) (excessive force claims accrue on the date plaintiff alleges he was subjected to excessive force) (internal citation omitted); *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (a cause of action related to an arrest accrues when the arrest occurs). Brooks filed this lawsuit on February 21, 2020. (Dkt. 1). Accordingly, any claims that Brooks may have had stemming from his arrest in May 2014 were time-barred by the time he filed this lawsuit.

#### b. The continuing torts doctrine does not apply in this case.

In his response to the motion for summary judgment, under the heading "CONTINUING TORTS DOCTRINE," Brooks claims that this doctrine applies to toll limitations because "[t]he facts of this case cannot be easily disputed. Indeed, Plaintiff has been afraid to file this suit for fear of retribution. It was only until Officer Goines was arrested has Mr. Brooks been comfortable enough to file this suit regarding events occurring in May 2014 at his home." (Dkt.27 at pp. 3–4).

The continuing tort doctrine arises when wrongful conduct is repeated over a period of time. Under this doctrine, a tort claim does not accrue until the tort has stopped. *Nottingham*, 499 Fed. Appx. at 375 (5th Cir. 2012).

The continuing torts doctrine provides Brooks no relief here. Brooks knew in May 2014 that he was arrested and that excessive force was allegedly used during his arrest. Although Brooks may have experienced continuing injury, the alleged damages that he suffered arose from isolated actions—his arrest and subsequent detainment—that took place in 2014. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) ("The fact that damage may continue to occur for an extended period after accrual does not prevent limitations from starting to run."). Accordingly, the continuing torts doctrine does not apply to Brooks' claims because Brooks does not allege a repeated injury proximately caused by repetitive wrongful or tortious acts. *See Decker*, 2020 WL 291804 at *3. The Court applies the long-standing rule that "a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy." *Murray*, 800 S.W.2d at 828.

    **c. Equitable estoppel and excusable neglect are not applicable.**

Brooks argues that equitable tolling and equitable estoppel apply to his case because Brooks' fear of retribution could explain why Brooks would not have been able to make a reasonable inquiry into the facts surrounding his lawsuit. (Dkt. 19 at p. 8). Fears of retribution alone are not a legitimate basis for equitable estoppel. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 657 (W.D. Tex. 2010) (citing *Harris v. Freedom of Info. Unit Drug Enforcement Admin.*, No. 3:06-CV-0176-R, 2006 WL 3342598, at *6 (N.D. Tex. Nov 17, 2006). Brooks has not alleged that he was induced by the City or by the arresting officer not to file this lawsuit within the statute of limitations. As a result, equitable estoppel is not applicable in this case.

Excusable neglect also does not save Brooks' claims. Although Brooks states that there are "extraordinary circumstances in this case that justify relief," he has offered no facts or case law that support that claim. Brooks' statement alone is insufficient to justify tolling the statute of limitations in this case. *See Rashidi*, 96 F.3d at 127.

### d. The discovery rule shows that this case is time-barred.

Lastly, Brooks argues that the discovery rule should apply in this case because the "debilitating effects of what could only be some sort of twisted conspiracy were not fully realized until the offending parties had been called to justice and answer for their crimes, namely Officer Goines . . . It is precisely because there was so little information available publicly for [Brooks] as an unsophisticated party to understand that he had options." (Dkt. 27 at paras. 4, 6). However, Brooks had reason to know the facts giving rise to a potential false arrest claim at the time of his arrest. Accordingly, the discovery rule is not applicable in this case. *See Piotrowski*, 237 F.3d at 576 (holding that a plaintiff does "not

need to know [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim.").

## IV. CONCLUSION

Gerald Goines, the officer who arrested Brooks, remains in this case as an unserved defendant. However, the pleadings in this case conclusively prove that Brooks cannot recover against any of the defendants as a matter of law because his claims are barred by the statute of limitations. Where a defending party establishes that a plaintiff has no cause of action, the defense generally inures also to the benefit of an unserved, similarly situated defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

Accordingly, for the reasons outlined above, the motion to dismiss is **GRANTED** and all claims remaining in this case are **DISMISSED WITH PREJUDICE.** All other pending motions are **DENIED as moot**. The Court will issue a final judgment simultaneously with this opinion.

SIGNED at Houston, Texas, this 22nd day of July, 2021.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE